IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION, A/K/A FANNIE MAE**,[*] | § § § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. **3:11-CV-00464-L** |
| | § | |
| **BARBARA F. LOVING**, and all occupants of 210 Willowbrook Drive, Duncanville, Texas, 75116, | § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand and Motion for Attorney's Fees, filed March 29, 2011. Barbara F. Loving, proceeding *pro se*, filed no response to the motion. After careful consideration of the motion, brief, record, and applicable law, the court **grants** Plaintiff's Motion to Remand and **denies** Plaintiff's Motion for Attorney's Fees.

### I. Factual and Procedural Background

On December 23, 2010, Plaintiff Federal National Mortgage Association ("Plaintiff" or "Fannie Mae") filed this action against Defendant Barbara F. Loving ("Defendant"or "Loving") for forcible detainer under Chapter 24 of the Texas Property Code in the Justice of the Peace Court, Precinct 4, Place 2, Dallas County, Texas. Fannie Mae sought possession of the Property (the "Property") located at 210 Willowbrook Drive, Duncanville, Texas 75116. The Justice of the Peace

---

[*]The state court records reflect that Plaintiff's correct name is "Federal National Mortgage Association, A/K/A Fannie Mae." The clerk of the court is **directed** to **amend** the docket sheet to reflect "Federal National Mortgage Association, A/K/A Fannie Mae."

Memorandum Opinion and Order – Page 1

entered judgment in Plaintiff's favor on January 27, 2011, and awarded possession of the Property to Fannie Mae. Following the judgment, Defendant appealed to the County Court at Law No. 3, Dallas County, Texas. Before judgment was entered, Defendant removed the action to federal court on March 7, 2011, contending that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of costs and interest.

Plaintiff contends that removal was improper because (1) Defendant's notice of removal was untimely; (2) complete diversity of citizenship does not exist; and (3) the amount in controversy does not exceed $75,000, exclusive of costs and interest. Plaintiff also seeks its attorney's fees and costs incurred in the removal.

## II. Subject Matter Jurisdiction Standard

### A. The General Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### B. Diversity and Amount in Controversy

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately

the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The citizenship of a trustee who possesses "customary powers to hold, manage, and dispose of assets for the benefit of others" is determined by the citizenship of the trustee, not the trust beneficiaries. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-66 (1980) (footnote omitted). Control of the assets held in the name of the trustee must be "real and substantial." *Id.* at 465. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th

Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (emphasis in original). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen*, 63 F.3d at 1336. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish that it is "legally certain that his recovery will not exceed" the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in

federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III. Analysis

#### A. Diversity Jurisdiction

Fannie Mae contends that Loving has not established that this action was removable pursuant to 28 U.S.C. § 1332(a)(1), which requires that the parties be citizens of different states and that the amount in controversy exceed $75,000, exclusive of costs and interest. The court will not discuss whether diversity of citizenship exists between the parties because it is clear to the court that the amount-in-controversy requirement has not been met.

Loving argues that the amount in controversy requirement is met because (1) the fair market value of the property exceeds $75,000 and (2) the amount in controversy is the value of the object of the litigation. Under Texas Law, "the only issue in a forcible detainer suit is who has the right to immediate possession of the property." *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.) (citation omitted). Furthermore, "it is unnecessary for the plaintiff to prove title to the property; plaintiff is only required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Id.* (citation omitted). The amount in controversy in a forcible detainer action, however, is not the value of the Property itself but rather the value of the right to occupy or possess the property. *See Ezon v. Cornwall Equities Ltd.*, 540 F. Supp. 885, 889 (S.D. Tex. 1982) (citing *Battle v. Atkinson*, 115 F. 384, 389 (W.D. Ark. 1902), *aff'd,* 191 U.S. 559 (1903)). Moreover, the removing defendant "must produce evidence that establishes that the actual amount of the plaintiff's claim will exceed [$75,000]." *De Aquilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995), *cert. denied*, *De Aquilar v. Boeing Co.*, 516 U.S.

865 (1995). As Loving is a tenant in sufferance under Chapter 24 of the Texas Property Code, the only issue is who should have possession of the property in question. Therefore, the question is what is the value of the right to immediate possession of the Property.

In this action, the court determines that Loving has produced no evidence to establish the value of the right to possess or occupy the Property, or that it exceeds $75,000. Accordingly, the court determines that Loving has failed to satisfy her burden and show that federal jurisdiction exists under 28 U.S.C. § 1332(a)(1).

In the alternative, Fannie Mae argues that even if diversity exists and the amount in controversy exceeds $75,000 Loving may not remove this action because she is a citizen of the state of Texas. The court agrees. Although the removal statute allows removal based on diversity, it does not apply to those actions in which any defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1087 (5th Cir. 1985). Since Loving is a citizen of the state of Texas and the suit was brought in Texas, Loving may not remove this action. As the court concludes that Loving improperly removed this action, it need not address whether Loving's notice of removal was timely pursuant to 28 U.S.C. 1446(b).

### B. Fannie Mae's Request for Attorney's Fees

Fannie Mae also seeks $2,000 for attorney's fees related to its motion to remand. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In applying section 1447(c), the court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199

F.3d. 290, 293 (5th Cir. 2000). The decision whether to award costs is within the court's discretion. *Id.* at 292.

Based on the court's review of the facts and circumstances, an award of attorney's fees to Plaintiff is not warranted. Loving is proceeding *pro se* and filed a pauper's affidavit in state court. Loving does not have the means to pay the attorney's fees incurred by Fannie Mae as a result of the removal. While this case should have not been removed, the court in exercising its discretion determines that the interests of justice are not served by awarding attorney's fees to Plaintiff under these circumstances. The court will not permit an award of attorney's fees.

## IV. Conclusion

For the reasons herein stated, this court lacks subject matter jurisdiction over this action. Alternatively, the court holds that Loving cannot remove because she is an in-state defendant. Accordingly, the court **grants** Plaintiff's Motion to Remand and **remands** this action to the County Court at Law No. 3, Dallas County, Texas, pursuant to 28 U.S.C. § 1447(c). Also, for reasons previously stated, the court **denies** Plaintiff's request for attorney's fees. The clerk of the court **shall** effect this remand in accordance with the usual procedure.

**It is so ordered** this 23rd day of June, 2011.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge